# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

Cynthia Pinkey
    Plaintiff/Petitioner Appellant,

v.

Adams County Sheriff,
Jane Dae's & John Dae's
    Defendant/Respondent -
    Appellee.

Case No.  **12-1299**

Appellant/Petitioner's Opening
Brief

## NOTICE AND INSTRUCTIONS

If you proceed on appeal pro se, the court will accept a properly completed
Form A-12 in lieu of a formal brief.   This form is intended to guide you in presenting
your appellate issues and arguments to the court.   If you need more space, additional
pages may be attached.   A short statement of each issue presented for review should
precede your argument.   Citations to legal authority may also be included.   This brief
should fully set forth all of the arguments that you wish the court to consider in
connection with this case.

New issues raised for the first time on appeal generally will not be considered.   An
appeal is not a retrial but rather a review of the proceedings in the district court.   A copy
of the completed form must be served on all opposing counsel and on all unrepresented
parties and a proper certificate of service furnished to this court.   A form certificate is
attached.



ORIGINAL

COURT OF APPEAL FOR THE 10TH CIRCUIT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 12-1299

Cynthia Pinkey 89688
      **Plaintiff,**

   v.

Adams County Detention facility(Sheriff),(John Doe's)(Jane Doe's)
      **Defendant.**

### OPENING BRIEFS

On or about February 1998, while on writ from Department of Corrections to Adams County Detention Facility, for a child custody hearing. I was housed in the booking area, their were 3 male inmates their also waiting to be booked in the cell doors were next to each other and they were not secured.

There were several Sgt's, nurses, and other staff members including deputies present standing around talking, laughing and doing other things, some weren't work related.

During this time, a male offender entered the cell I was in, and pushed me to the back of the cell by the toilet area, out of the view of the staff, and proceeded to rape me, their was another male offender standing outside of the cell door watching for this male offender to warn him if staff comes.

I allowed myself to be booked in, then I was escorted to the female housing area, as soon as I entered the area, I told the female Deputy that,"I was raped in booking", she immediately called the Sgt. From booking and he began yelling at me and stating,"that I was lying because they were in the area at all times". They then took me to medical and had me sit there alone , while I waited for detectives.

I was then taken to the hospital, for a sexual assault examination, and the doctor determined I had been sexually assaulted and DNA was found from Uriel Antonio Mata-Rivas the offender in booking.

The detectives had me point him out in a photo line-up, and he was charged with sexual assault.

Shortly after I had to go to court to testify at his preliminary hearing, and he took a plea for sexual assault and has to register as a sex offender.

March of 2012, Adams County filed a writ of Habeas Corpus pro-se'deum so that I would appear in court because Uriel Mata-Rivas filed a petition to not register as a sex offender, I had to go and relive this incident, because the judge wanted to hear what I had to say. But he could have requested that in writing. Victims advocate from Adams County never contacted me, mental health never contacted me, nor did the parole board when Uriel Mata-Rivas was released from prison. Uriel Mata-Rivas never showed in Court and the judge stated, "he was prepared to deny his petition anyways. I told the judge if he really was sorry he had many years to contact me and he never did.

This petitioner has been suffering ever since. At the time of the incident, I remember asking the doctor at the hospital," Why did I smell so bad ?" and he told me that," some men smell like that". I have never been able to get that smell out of my senses and I think I am totally disgusting. I have severe PTSD, and OCD everything has to be clean and in its proper place.

I have attempted on numerous occasions to handle this issue, but it appears that all those in authority doesn't want to protect me, they just want to see me harmed in any way, and it has caused me numerous problems while incarcerated.

Judge Boyd of the United States District Court continuously toss out these types of severe issues that are not frivolous because I am indigent, which is telling me I am not entitled to relief.
This petitioner also would like to legally change her name so that the perpetrator could not find her.

This petitioner is requesting counsel be appointed to her, a hearing to discover her indigence, deposition, and the court to order the names of the staff that was on at the time of the incident, and the name of the sheriff so she would not have to John Doe and Jane Doe, and the criminal case # of the perpetrator Uriel Antonio Mata-Rivas.

The petitioner is not suing Adams County Sheriff Dept. She is suing the Adams County Detention Facility Sheriff, the Deputies that were on duty, The Sgt. That was on duty and the other staff members that were there at the time, but she does not have the names of these staff members or the arrest report and she cannot obtain it without a court order.

The petitioner is suing for compensatory damages, punitive damages, and mental health care for as long as needed and attorney fees if court appoints counsel. She has attempted to obtain counsel, but it has been futile.

Respectfully Submitted on /6 th day of August 2012.

Cynthia Pinkey 89688 AKA Cynthia Wright

CERTIFICATE OF MAILING:

I HEREBY CERTIFY THAT ON /5 th DAY OF August 2012. I MAILED A TRUE AND ACCURATE COPY OF OPENING BRIEFS PLUS ATTACHMENTS VIA UNITED STATES POST OFFICE, POSTAGE PREPAID TO:

UNITED STATES COURT OF APPEALS FOR THE 10TH CIRCUIT
Byron White United States Court house
1823 Stout St.
Denver, Colorado 80257

Adams County Attorney Office
450 S. 4th Ave.
Brighton, Colorado 80601

Cynthia Pinkey AKA Cynthia Wright 89688

Note: This petitioner request the court for discretion when she obtains the court records in order to amend her briefs.

**APPELLANT/PETITIONER'S OPENING BRIEF**

1. **Statement of the Case.** (This should be a <u>brief</u> summary of the proceedings in the district court.)

The Petitioner was Sexually assaulted by a male offender in the booking Area 1998 ~~by~~ while on Writ from DOC The Cells weren't Secured & there were Numerous Staff Present.

2. **Statement of Facts Relevant to the Issues Presented for Review.**

This Petitioner has Suffered A traumatic Rape and then March 2012 She was Returned to Adams County because the Perpetrator did not want to register as a Sex offender any longer. This Petitioner had to relive this incident because of the perpetrators motion. The Case was reopened. The Petitioner does not know Any names of Staff that were present or the Sheriff Name.

United States District Court for the district of Kansas 467 F. Supp 1068; 1979 U.S. Dist. Lexis 13351 March 30, 1979 22-4518 State v. Keener, 224 Kan. 100, 577 P.2d 1182 (1978) Ellis v. United States, 356 U.S. @ 675, 78 S.Ct. @ 95. Duhart v. Carlson, No. 71-1666 U.S. Court of Appeals for the 10th Cir., 469 F.2d 471; 1979

U.S. App. Lexis 7680, Sept. 5, 1972

The Petitioner has filed complaints but the 10th Circuit dismissed it because She's indigent.

3.    **Statement of Issues.** Pro Se lidigants may be entitled to Attorney fees and costs under the civil Rights Attorney's Fees Awarded Act of 1976, 90 Stat. 2641 amended 42 USC 1988.

a.    **First Issue:** Dismissal of case due to indigency

Sanchez. v. Schwartz, 688 F. 2d 503, 505, 2d Cir. 1982

Maher. v. Gagne, 448 U.S. 122, 65 L. Ed 2d 653, 100 S. Ct. 2570

**Argument and Authorities:** The U.S. District Court has dismissed this serious case of sexual assault / failure to protect & deliberate indifferance because she is indigent.

Morgan. v. City of Rawlins, 792 F. 2d 975, 978 (10th Cir. 1986)

Carroll. v. U.S., 354. U.S. 394, 77 S. CT. 1332, 1 L. Ed 2d 1442

Nordgren. v. Mitchell, Civ. No. C-80-0557 W, United States Dist. Court for the District of Utah, Central Division, 524 F. Supp 242', 1981 U.S. Dist. Lexis 14980

b.    **Second Issue:** Pre-deprivation-Abuse of discretion because the plaintiff is indigent and the Constitutional Violations are ignored. - Supremacy Clause.

**Argument and Authorities:**

Coleman. v. Faulkner, No. 80-2073, United States Court of Appeals for the 10th Cir., 697 F. 2d 1347; 1982 U.S. App. Lexis 23475 Dec. 8, 1982.

McGore. v. Wrigglesworth, 114 F. 3d 601, 612-13 6th Cir 1997.

The Language of Subsection (g) of 18 USCA § 3006 (a)
18 USCA § 4014 (a)(3)(B)
Moody. v. Daggett 429 U.S. 78, 97, S. CT. 274, 50 L. Ed 2d 236 (1976)

Williams. v. Morris, No. 81-2361 U.S. Court of Appeals for the 10th Cir. 697 F. 2d 1349; 1982 U.S. App. Lexis 23568 Dec. 6, 1982

**4. Do you think the district court applied the wrong law? If so, what law do you want applied?** Yes, Predeprivation Process - Predeprivation hearing. 42 U.S.C 1983 (West 2009) Id. @ 939-40

**5. Did the district court incorrectly decide the facts? If so, what facts?** 28 U.S.C.A 1915 + Similar Predecessor Statutes 142 A.L.R. Fed. 627 (1997) Lierberg. v. Tuuk 06 CV 00359-MSK-MEH.

**6. Did the district court fail to consider important grounds for relief? If so, what grounds?** Sexual Assault / Rape, failure to Produce, Cruel + Unusual punishment + deliberate indifference.

**7. Do you feel that there are any other reasons why the district court's judgment was wrong? If so, what?** This Petitioner is indigent over $500°° in the Negative, She can't even purchase hygiene etc...

**8. What action do you want this court to take in your case?** I would like this Court to look at the seriousness of the Complaint, appoint Counsel, & then when it's ordered in her favor the Defendants pay filing fees etc...

**9. Do you think the court should hear oral argument in this case? If so, why?** Yes, Because this ~~defendant~~ Petitioner was raped in Adams County detention facility, while numerous Deputies, Sgts, Nurses were directly in the Area and the Cells were not secured between males & females. 8-15-12

_____
Date

_____
Signature

## CERTIFICATE OF SERVICE

**I hereby certify that on** _____ **I sent a copy of**
(date)

**the Appellant/Petitioner's Opening Brief to** Adams County Attorneys
Office & U.S. Court of Appeal  4150 S. 4th Ave. Brighton, Co. 80601
_____ 10th Circuit , **at** 1823 Stout St. Denver, Co. 80257
(Opposing Party or Attorney)

_____ **, the last known address/email**

**address, by** _____.
(state method of service)

8-15-13

_____        _____
Date                         Signature

---

## CERTIFICATE OF COMPLIANCE

**I certify that the total number of pages I am submitting as my
Appellant/Petitioner's Opening Brief is 30 pages or less or alternatively, if the total
number of pages exceeds 30, I certify that I have counted the number of words and
the total is** 25,095 **, which is less than 14,000.   I understand that if my
Appellant/Petitioner's Opening Brief exceeds 14,000 words, my brief may be
stricken and the appeal dismissed.**

8-15-13

_____        _____
Date                         Signature